IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY HOWARD #297-407
        Petitioner                     :

   v.                                         : CIVIL ACTION NO. AW-10-1811

DR. RANDELL NERO, et al.,       :
        Respondents

## MEMORANDUM

On October 25, 2000, Anthony Howard entered a guilty plea to two counts of attempted second-degree murder, one count of attempted first-degree murder, and one handgun offense in the Circuit Court for Baltimore City. Paper 5, Exhibits 1 and 2. He was sentenced to thirty years incarceration for each charge of attempted murder, said sentences to run concurrently, and ten years of incarceration for the handgun charge, to run consecutively, for a total of forty years imprisonment. Paper No. 5, Exhibits 1 and 2. On November 13, 2000, Howard moved for reduction and/or modification of sentence.[1] The motion, held *sub curia*, was granted on June 1, 2005, and Howard's sentence was reduced to thirty years, the first ten years to be served without benefit of parole but with a recommendation that Howard be sent to Patuxent Institution to enroll in a youthful offenders program. *Id*., Exhibit 2 at 2. Howard did not seek leave to appeal the entry of the guilty plea; thus, his convictions became final on November 24, 2000, when the time for filing leave to appeal expired. *See* Md. Code Ann., Cts. & Jud. Proc. Art., § 12-302(e) (2000) and Md. Rule 8-204 (b).

---

[1] This proceeding, however, is not germane to the issue of timeliness, as it does not constitute a "properly filed" post-conviction proceedings which toll the limitations period set in 28 U.S.C. § 2244(d). *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (federal limitations period tolled "as long as the ordinary state collateral review process is 'in continuance,' i.e., 'until completion of that process.'"). Even if the one-year limitations period began to run on the date his sentence was modified (June 1, 2005), Howard failed to further toll the limitations period by seeking state post-conviction relief within one year.

On July 3, 2006, Howard filed a post-conviction petition in the Circuit Court for Baltimore City. Relief was denied on July 2, 2008. Paper No. 5, Exhibits 1 and 2. Howard's application for leave to appeal the denial of post-conviction relief was summarily denied by the Court of Special Appeals of Maryland on March 9, 2010, with the mandate issued on April 8, 2010. *Id.*, Exhibit 3.

Howard filed the above-captioned 28 U.S.C. ' 2254 habeas corpus Petition, dated June 24, 2010 and received for filing on July 2, 2010,[2] attacking his conviction and sentence on due process and double jeopardy grounds. Respondents argue the Petition is subject to dismissal as time-barred. Paper No. 5. Howard concedes the Petition is untimely, but claims extraordinary circumstances based on trial counsel's failure to advise him as to the option of seeking federal habeas corpus relief. Paper No. 8. Howard also claims his age at the time of incarceration (19) and lack of higher education led to this delay. *Id.*

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AAEDPA@) became law, substantially modifying the scope and context of federal habeas corpus review over challenges to state court convictions. Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for persons convicted in a state court. *See* 28 U.S.C. ' 2244(d).[3]

---

[2] The pro se Petition is deemed filed on the signature date. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D.Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the Aprison mailbox@ rule).

[3] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

Consequently, the limitations period for Howard's federal habeas corpus challenge to his conviction commenced on November 24, 2000, when the time for seeking leave to appeal his conviction ended, and expired one year later, on November 24, 2001. The one-year limitations period was not tolled, as Howard did not initiate post-conviction proceedings until July 3, 2006.

Petitioner=s lack of understanding of the law does not serve to toll the statute of limitations. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). Neither his arguments concerning the merit of his claims nor his statement concerning the validity of the limitations period provide a sufficient basis for this case to proceed.[4] Therefore, a separate Order shall be entered dismissing Howard's Petition as time-barred.

September 27, 2010            _____//s//_____
Date                                                Alexander Williams, Jr.
                                                    United States District Judge

---

    (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States was removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection..

4 On March 1, 2010, the Supreme Court heard argument as to whether equitable tolling applies to the one-year limitation period set out § 2244 (d) and, if so, what constitutes "extraordinary circumstances" under the equitable tolling doctrine. *See Holland v. Florida,* 539 F.3d 1334 (11th Cir. 2008), *cert. granted*, 130 S.Ct. 398 (09-5327) (2009).